1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW LINDSAY, <br><br> Plaintiff, <br><br> v. <br><br> NORTH ATLANTIC TREATY ORGANIZATION, <br><br> Defendant. | CASE NO. C23-0546-KKE <br><br> ORDER TO SHOW CAUSE |

This matter came before the Court sua sponte. On April 7, 2023, Matthew Lindsay filed a complaint against the North Atlantic Treaty Organization ("NATO") alleging violations of 22 U.S.C. §§ 2767, 2403. Dkt. No. 1. Mr. Lindsay alleges NATO is a business incorporated in Virginia. *Id.* at 4. On April 12, 2023, Mr. Lindsay filed an Affidavit of Service stating he mailed the complaint and certificate of service by U.S.P.S. to "N.A.T.O; 7857 Blandy Road, Suite 100; Northfolk, VA, 23551." Dkt. No. 4.

Federal Rule of Civil Procedure 4 provides two methods of service on a corporate entity. It is critical that a plaintiff strictly comply with these procedures. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be

ORDER TO SHOW CAUSE - 1

satisfied."). First, a plaintiff may deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Mr. Lindsay did not identify any individual authorized to receive service of process in his affidavit of service. Further, Federal Rule of Civil Procedure 4(h) requires "[w]hen serving a corporation . . . 'personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient.'" *Atanda v. Norgren (IMI Precision Eng'g)*, No. C20-0796-JCC, 2021 WL 2805322, at *2 (W.D. Wash. July 6, 2021) (quoting *Belle v. Chase Home Fin. LLC*, 2007 WL 1518341, at *3 (S.D. Cal. 2007)).

In the alternative, a plaintiff may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). The two states relevant in this case are Washington, where the district court is located, and Virginia, where Williams attempted service. Fed. R. Civ. P. 4(e)(1). Mr. Lindsay's attempted service is insufficient under Washington and Virginia state law for the same reason it failed under Federal law. *See* Wash. Rev. Code § 4.28.080(9) (requiring personal service on an authorized individual). Va. Code Ann. § 8.01-299(1)(2023) (same).

Because Mr. Lindsay has failed to provide valid proof of service, the Court ORDERS Mr. Lindsay to show cause that he has properly served Defendant by October 27, 2023. Failure to timely respond may result in dismissal without prejudice.

Dated this 27th day of September, 2023.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge

ORDER TO SHOW CAUSE - 2