UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW LINDSAY,<br>             Plaintiff,<br><br>    v.<br><br>NORTH ATLANTIC TREATY ORGANIZATION,<br>             Defendant. | CASE NO. C23-0546-KKE<br><br>ORDER OF DISMISSAL WITH PREJUDICE |

This matter comes before the Court on Plaintiff Mr. Lindsay's amended complaint. Dkt. No. 14. The Court has thoroughly reviewed the allegations in the complaint (Dkt. No. 1), amended complaint (Dkt. No. 14), and Mr. Lindsay's other substantive filings (Dkt. Nos. 11, 13, 16). For the reasons stated below, the Court finds that Mr. Lindsay lacks standing to bring this action and that this matter must be dismissed for lack of subject-matter jurisdiction.[1]

### I.   BACKGROUND

On April 7, 2023, Mr. Lindsay, proceeding *pro se*, filed a complaint against the North Atlantic Treaty Organization ("NATO") alleging violations of 22 U.S.C. §§ 2767 and 2403 for

---

[1] Because the lack of standing is dispositive, the Court will not analyze the procedural issues that remain, which include a failure to effect proper service on any of the Defendants under Federal Rule of Civil Procedure 4 and a failure to properly amend the complaint under Federal Rule of Civil Procedure 15.

ORDER OF DISMISSAL WITH PREJUDICE - 1

illegal shipments of "taxpayer arm[a]ments" and seeking one billion dollars in damages as well as an "immediate injunction." Dkt. No. 1 at 3.

On November 1, 2023, Mr. Lindsay filed a document entitled "Motion to Show Cause" that provides additional allegations to support his claim. Dkt. No. 13. In this document Mr. Lindsay lists the following additional causes of action: "VIOLATIONS of 18 U.S.C. 3056, Civil Rights Act of 1871, 42 U.S.C. § 1983" (Dkt. No. 13 at 1, 4); violations of "the 'War Powers Act' Title 50 U.S.C. § 1541 et seq. (1973) and the Nuclear Non-Proliferation Act of 1978 and various Maritime laws" (*id*. at 2, 4); violations of "United Nations Resolution 2388" (*id*. at 3, 4); and violations of the Fourteenth Amendment and due process clause (*id*. at 5). Mr. Lindsay also lists the following individuals as "additional Defendants": President Joe Biden, Vice President Kamala Harris, Secretary of State Anthony Blinken, and National Security Advisor Jake Sullivan. *Id*. at 5. Mr. Lindsay also provides additional factual allegations about the wars in Israel and Ukraine and the separation of families at the southern border. *Id.* at 2, 3, 5.

On November 11, 2023, Mr. Lindsay filed an amended complaint that identifies these claims:

- Violations of 22 U.S.C. §§ 2767 and 2403 by NATO, the Department of Defense, the Biden Administration, the former Trump Administration and the current House of Representatives, for providing military aid to Ukraine and Israel (Dkt. No. 14 at 1)

- Violations of 22 U.S.C. §§ 2767 and 2403, 18 U.S.C. § 3056, the Nuclear Non-Proliferation Act of 1978, and United Nations Resolution 2388 by President Joe Biden and Vice President Kamala Harris for humanitarian violations at the Mexican border and humanitarian violations in "Israelian Occupation of Palestine and Gaza" (Dkt. No. 14 at 2)

ORDER OF DISMISSAL WITH PREJUDICE - 2

- Violations of 22 U.S.C. §§ 2767 and 2403, and 18 U.S.C. § 3056 by President Joe Biden and Vice President Kamala Harris for requesting congressional funds to support Israel in "the unlawful occupation of Palestine" (Dkt. No. 14 at 3)

- Violations of California Penal Code Section 11418.5 and the California Racial Justice Act of 2020 by Vice President Kamala Harris (*id.*)

- Impeachment "of the entire 'Biden Administration'" (*id.*)

On January 16, 2024, Mr. Lindsay filed a motion for "process of service to be performed by the United States Marshall Service." Dkt. No. 16. This document includes an "ADDENDUM TO THE STATEMENT OF FACTS," that reiterates the basis for Mr. Lindsay's claims are 22 U.S.C. §§ 2403 and 2767, The War Powers Act of 1973, The Nuclear Non-Proliferation Act of 1978, International Humanitarian Law, and United Nations Resolution 2388. Dkt. No. 16 at 5. Mr. Lindsay provides additional facts about his claims, which continue to be based on military action in Ukraine, Palestine, and Israel and retaliation from such action. *Id.* at 5–7.

## II.  ANALYSIS

Article III of the Constitution limits the federal courts to the adjudication of actual cases and controversies. U.S. Const. art. 3, § 2. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("Federal courts are required sua sponte to examine jurisdictional issues such as standing." (cleaned up)).

Article III requires, at an "irreducible constitutional minimum," that a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The plaintiff must show a "concrete and particularized" and "actual or imminent" "invasion of a legally

protected interest." *Lujan*, 504 U.S. at 560.  A "concrete" injury must be "real" (*Spokeo*, 578 U.S. at 340), and an "imminent" one must be "*certainly* impending" (*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan*, 504 U.S. at 564 n.2)).  An injury is "particularized" when it impacts a plaintiff in a "'personal and individual way.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n.1).  "An interest shared generally with the public at large in the proper application of the Constitution and laws will not do." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

Mr. Lindsay has failed to allege any direct personal injury, actual or imminent, that he has suffered by Defendants' alleged actions regarding Ukraine, Israel, or the southern border.  While Mr. Lindsay claims generalized harms allegedly caused by Defendants' actions, he has failed to show how Defendants have specifically injured him in a manner apart from the general population.  "[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974).

Federal courts across the country have dismissed similar complaints for lack of standing. *See Mottola v. Nixon*, 464 F.2d 178, 181 (9th Cir. 1972) (holding military reservists lack the standing to challenge the constitutionality of the President's decision to send troops into Cambodia without a congressional declaration of war); *Pietsch v. Bush*, 755 F. Supp. 62, 66–67 (E.D.N.Y. 1991) (holding that a citizen lacked standing to bring claims arising from the "invasion and occupation of the nation of Kuwait by the nation of Iraq"), *aff'd,* 935 F.2d 1278 (2d Cir. 1991).  This Court can only hear cases in which the plaintiff can show a concrete and particularized harm, which Mr. Lindsay cannot do.

Generally, the Court will provide a *pro se* litigant the opportunity to cure deficiencies in a complaint, however, Mr. Lindsay's lack of standing cannot be cured by amendment.  *See United*

*States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  Accordingly, the Court will not grant leave to amend and will dismiss this case with prejudice.

### III.  CONCLUSION

The Court DISMISSES this matter with prejudice because it lacks subject-matter jurisdiction over Mr. Lindsay's claims.

The Court STRIKES all case deadlines and TERMINATES all pending motions.  Dkt. Nos. 13 & 16.

The Court directs the Clerk to close the case.

Dated this 23rd day of January, 2024.

Kymberly K. Evanson
United States District Judge